HARRIS, Judge.
The issue in this case is whether the trial court erred in permitting the arresting officer to testify at trial concerning a statement purportedly made by the defendant which was not divulged by the State in its pretrial discovery response. We find error and reverse.
The trial court properly conducted a Richardson hearing and concluded that although the State had indeed violated its obligation to report the statement, such violation was not willful. The record supports this finding. What the record does not support is the court’s finding that the admission of the statement would not be prejudicial because (1) it was not an admission of guilt and (2) the information would have been available to defense if only it had deposed the arresting officer.
First, the defendant used the subject motel room on an hourly basis (as needed). It was in this room that the cocaine was found. There was no proof that the cocaine residue being relied on by the State as its evidence was placed there by the defendant (or by her business invitees) or that she even knew of its existence other than her alleged statement: “Come on, Gibson, let’s make a deal. I can work with you.” It was this statement that the State argued showed that defendant, rather than one of her visitors, possessed cocaine. Its importance is further reflected in the questions returned by the jury during deliberations: “Define exclusive possession;” “Is possession without knowledge considered possession?” The court erred in finding that the statement was not prejudicial.
Second, the arresting officer failed to mention the statement in any report filed in this case. Looking at the discovery provided by the State, there is no reason for the defense to take the deposition of the arresting officer. To place such a burden on the defense in order to claim prejudice when the State fails to properly comply with discovery would encourage, even require, defense to take many needless depositions at a cost to the taxpayers and a delay to the system.
REVERSED.
PETERSON, C.J., and ANTOON, J., concur.